UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00033-TWP-DML |
| | ) | |
| TRAVIS DAY Corporal | ) | |
| a/k/a CPL. DAY, | ) | |
| KEVIN DALY Jak Officer, | ) | |
| ROGER HOUSTON L.P.D. Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Defendant Houston's Motion for Summary Judgment**

Plaintiff Michael Scott Jackson was a Dearborn County Jail inmate when, he alleges, he was assaulted by defendants. Defendant Roger Houston moves for summary judgment contending that Mr. Jackson failed to exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e(a). Although Mr. Jackson failed to respond to the motion, the Court finds that Officer Houston's summary judgment evidence demonstrates that Mr. Jackson complied with the PLRA's exhaustion requirement and summary judgment must be denied.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in

the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In accordance with Local Rule 56-1(f), the Court assumes that facts properly supported by the movant are admitted without controversy unless the nonmovant specifically disputes them. Therefore, a nonmovant who fails to respond to a motion for summary judgment effectively concedes that the movant's version of the facts is accurate. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Because Mr. Jackson failed to respond to Officer Houston's motion for summary judgment, the facts asserted by Officer Houston in his motion are deemed admitted by Mr. Jackson to the extent that they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Id*. (citations omitted). Rather, a movant must still demonstrate that he is entitled to judgment as a matter of law. *See id*.

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. Jackson and that he failed to comply with it. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Summary Judgment Evidence

Dearborn County Jail Commander Jon Winkler's affidavit established that the Dearborn County Jail has an inmate grievance procedure and that all inmates, including Mr. Jackson, are

3

informed of the procedure when they enter the jail. Dkt. 41-1, pp. 2-5. Mr. Jackson was aware of the grievance procedure and submitted numerous grievances. *Id.* One of the grievances Mr. Jackson submitted was about the incident that gave rise to Mr. Jackson's current suit. *Id.*, p. 26. Although only one page of this multi-page grievance is provided, it describes the same incident and date that Mr. Jackson describes in civil rights complaint. Another grievance submitted on the same date again mentions the same incident and bruising and pain on Mr. Jackson's neck. *Id.*, p. 27. On the first grievance a jail official has noted in the "officer's reply section" of the grievance form: "I'm aware of the situation. Thanks for your version. Copy given to investigator." *Id.,* p. 26. On the second grievance the jail official noted, "I will discuss this with my officers." *Id.,* p. 27.

### III. Analysis

Officer Houston seeks summary judgment because Mr. Jackson did not name him in the grievance, did not describe the nature of being assaulted, nor describe what Officer Houston is alleged to have done to him. The Court does not have Mr. Jackson's complete grievance, but it does not matter. As Officer Houston concedes in his motion, the Dearborn County Jail's grievance policy "does not include a requirement regarding the specificity of" a grievance. Dkt. 41, p. 9. The Court's review of the grievance procedure fails to locate any provision governing the contents of the grievance except for a prohibition on "profane or socially unacceptable language." Dkt. 41, pp. 6-9. On the grievance forms there are no instructions about required content.

Although a prison or jail's grievance policy will dictate what content and specificity is necessary in a grievance, where that policy is silent a grievance is sufficient if the prison or jail is alerted to the incident or wrong and has an opportunity to investigate and remedy the issue. *Jones*

*v.* Bock, 549 U.S. 199, 219 (2007); Maddox *v. Love*, 655 F.3d 709, 721 (7th Cir. 2011); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

The Dearborn County Jail's policy is completely silent as to the required contents of a grievance, so the relevant inquiry here is whether the submitted portion of Mr. Jackson's first grievance, as well as his second grievance were sufficient to put jail officials on notice that the incident had occurred and that Mr. Jackson had been injured. The jail official's note on each grievance, showing how they were treated, reflects an understanding, indeed an acceptance, of the grievances. The Court therefore finds the grievances complied with Dearborn County Jail policy, and satisfy the PLRA's administrative remedies requirement.

Accordingly, Officer Houston's motion for summary judgment, dkt. [39], is **denied**.

**IT IS SO ORDERED**.

Date: 4/1/2019

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Scott Jackson
22 Beth Lane, #12
Hamilton, OH  45013

Electronically Registered Counsel